70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy FOSTER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1348.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1995.
Decided Nov. 20, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Carl Horn, III, Magistrate Judge. (CA-94-58-5-H)
 ARGUED: Dianne Upson, Todd, North Carolina, for Appellant. John Jarrett, Assistant Regional Counsel, Office of the Chief Counsel, Region IV, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee. ON BRIEF: Frank W. Hunger, Assistant Attorney General, Mark T. Calloway, United States Attorney, Mack A. Davis, Acting Chief Counsel, Dennis R. Williams, Principal Regional Counsel, Retirement and Survivors Insurance, Office of the Chief Counsel, Region IV, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dorothy Foster appeals from the district court's affirmance of the decision of the Commissioner of Social Security denying benefits. An administrative law judge (ALJ) concluded that Ms. Foster, the surviving divorced spouse of a deceased wage earner, was not entitled to widows' insurance benefits because she failed to prove that she was married to the decedent for at least ten years. See 42 U.S.C. Sec. 416(d)(2); 20 C.F.R. Sec. 404.336. Although Ms. Foster established a ceremonial marriage of over nine years duration, the ALJ concluded that she had not proved a common law marriage for the remainder of the required ten years. We affirm.
 
 I.
 
 2
 On May 16, 1991, Ms. Foster filed an application for widows' insurance benefits as the surviving divorced wife of the deceased wage earner, Clay A. Swaim. The application was denied on the ground that, prior to their divorce, Ms. Foster and Mr. Swaim were only married for nine years and eleven months--short of the ten years required by the regulations. See 20 C.F.R. Sec. 404.336. In her request for reconsideration Ms. Foster said that she had lived with Mr. Swaim for three years before they were married. Nevertheless, Ms. Foster's reconsidered application was denied on the ground that living together cannot substitute for the regulation's marriage requirement.
 
 
 3
 Next, Ms. Foster requested a hearing, which the ALJ held on July 1, 1992. At the hearing Ms. Foster tried to demonstrate a common law marriage to Mr. Swaim during the three years preceding their ceremonial marriage in North Carolina on July 14, 1947. Ms. Foster testified that she lived with Mr. Swaim in Akron, Ohio from July 1944 to July 1947. She said that when they began living together they made "a commitment to stay together verbally ... forever" and that their living arrangement was like being legally married because they were "true to each other." Ms. Foster said they engaged in sexual relations, and she cooked and cleaned for him. Ms. Foster's brother stated by affidavit that the couple "held themselves out as husband and wife from July 17, 1944 until July 14, 1947, at which time they were married."
 
 
 4
 Ms. Foster's own testimony conflicted as to whether she and Mr. Swaim introduced one another as husband and wife. Ms. Foster admitted that they did not file tax returns, execute deeds or contracts, take out insurance policies, open bank accounts, enter business dealings, or have charge accounts in stores together prior to their ceremonial marriage. Finally, she had two children with the decedent, both born after the ceremonial marriage.
 
 
 5
 The ALJ concluded that the evidence "did not establish that the claimant and the deceased wage-earner mutually consented to a marriage relationship" prior to their ceremonial marriage. "[O]n her application for benefits, the claimant stated that she had been previously married to the deceased wage-earner on July 14, 1947. She did not assert that she and the deceased wage-earner had been married since July 17, 1944, indicating that the mutual intention at that time was not to marry, but to live together." Accordingly, the ALJ denied Ms. Foster's application.
 
 
 6
 The Appeals Council declined to grant review, and the magistrate judge, whose recommendation was adopted by the district court, affirmed the Commissioner's decision. This appeal followed.
 
 II.
 
 7
 Our review of a final decision of the Commissioner is highly deferential. We are "limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (citing 42 U.S.C. Sec. 405(g) and Richardson v. Perales, 402 U.S. 389, 390 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. It is less than a preponderance but more than a mere scintilla of evidence. Hays, 907 F.2d at 1456 (citations omitted).
 
 III.
 
 8
 Under the Social Security Act, a widow is entitled to benefits as a surviving divorced spouse when she meets certain requirements, including marriage to the decedent for at least ten years prior to the divorce. See 42 U.S.C. Sec. 416(d)(2); 20 C.F.R. Sec. 404.336. Ms. Foster argues that her common law marriage plus her ceremonial marriage totalled at least ten years. The validity of the marriage is governed by the laws of the state where the decedent had a permanent home when he died. 20 C.F.R. Sec. 404.345. In this case, the decedent's permanent home was in North Carolina.
 
 
 9
 North Carolina recognizes as valid a common law marriage "if the acts alleged to have created it took place in a state in which such a marriage is valid." State v. Alford, 259 S.E.2d 242, 247 (N.C.1979). Thus, we turn to Ohio law.
 
 
 10
 To have a valid common law marriage under Ohio law, Ms. Foster must show by clear and convincing evidence that she and Mr. Swaim: (1) were competent to contract; (2) entered into agreement of marriage in praesenti, which is a meeting of the minds presently to take each other as man and wife; (3) cohabited as husband and wife; and (4) held themselves out as husband and wife, resulting in a reputation as husband and wife within their community. Nestor v. Nestor, 472 N.E.2d 1091, 1094 (Ohio 1984). Only requirements (2) and (4) are in dispute in this case.
 
 
 11
 Ms. Foster argues that the ALJ's conclusion that no common law marriage existed is not supported by substantial evidence. We disagree. Ms. Foster admitted that she and Mr. Swaim did not do any of the following things together prior to their ceremonial marriage: file tax returns, execute deeds or contracts, take out insurance policies, open bank accounts, enter business dealings, or have charge accounts in stores. On her application for benefits, Ms. Foster stated that she was first married to the decedent on July 14, 1947, rather than on July 17, 1944, when they began living together. The ALJ found that Ms. Foster did not assert the common law marriage relationship until it became advantageous to her claim. These facts, which prompted the ALJ to decide that the couple did not have a common law marriage, meet the substantial evidence threshold. See Hays, 907 F.2d at 1456 (It is not "the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence.").
 
 IV.
 
 12
 The judgment of the district court is affirmed.
 
 AFFIRMED